IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PHILIP JAAX,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>)   Case No. 11-2522-CM |
| **SHERIFF DEPT OF JOHNSON COUNTY KANSAS et al.,** | )<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

### MEMORANDUM AND ORDER

This closed case is before the court on several related motions:

- Plaintiff's Motion[] to Enforce Settlement and for Sanctions (Doc. 47) against defendant Sheriff Department of Johnson County Kansas ("Sheriff's Department");

- Plaintiff's Motion[] to Enforce Settlement and for Sanctions (Doc. 48) against defendant City of Roeland Park Kansas ("City");

- Plaintiff's Motion for Leave to Amend Pleadings and for Evidentiary Hearing and Motion for Enlargement of Time (Doc. 51); and

- Defendant Sheriff's Department of Johnson County's Motion for Sanctions (Doc. 54).

In February 2012, plaintiff Philip Jaax, proceeding *pro* se, notified this court that the parties had settled. Upon such notice, the court entered an order administratively closing the case. The court ordered the parties to file a stipulation of dismissal on or before March 26, 2012, or the court's order would constitute a final entry of judgment of dismissal with prejudice under Rule 41(a)(2). The parties did not file a stipulation on or before March 26, rendering judgment final.

-1-

Plaintiff then filed two motions to enforce the settlement agreements that he had allegedly reached with defendants. After defendants responded to plaintiff's motions, plaintiff requested leave to amend his motions to enforce the settlement agreements. The court will take up the motions in the order they were filed.

### Plaintiff's Motion[] to Enforce Settlement and for Sanctions (Doc. 47) against defendant Sheriff Department of Johnson County Kansas

In his first motion to enforce, plaintiff represents that he and the Sheriff's Department reached an agreement and that the Sheriff's Department has not sealed videotapes as contemplated by their agreement.

The court may summarily enforce a settlement agreement, *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004), applying state law, *Rogler v. Standard Ins. Co.*, 30 F. App'x 909, 913 (10th Cir. 2002) (citing *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000)). "The law favors the compromise and settlement of disputes and when parties, in the absence of any element of fraud or bad faith, enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." *Lewis v. Gilbert*, 785 P.2d 1367, 1368 (Kan. Ct. App. 1990) (internal quotation marks and citation omitted).

Under Kansas law, a binding agreement requires "a meeting of the minds as to all essential terms." *Augusta Bank & Trust v. Broomfield*, 643 P.2d 100, 106 (Kan. 1982). The court ascertains the parties' intent from the four corners of an unambiguous document. *Hall v. JFW, Inc.*, 893 P.2d 837, 848 (Kan. Ct. App. 1995) (citing *Brown v. Lang*, 675 P.2d 842, 843 (Kan. 1984) (additional citation omitted)). When a contract is unambiguous, the court enforces it according to its "plain, general, and common meaning," aiming to stay true to the parties' intentions. *Id.* (citing *Wood River Pipeline Co. v. Willbros Energy Servs. Co.*, 738 P.2d 866, 867 (Kan. 1987)). And when the contract lacks

uncertainty, there is no place for parol evidence. *Simon v. Nat'l Farmers Org., Inc.*, 829 P.2d 884, 887–88 (Kan. 1997) ("When a contract is complete, unambiguous, and free from uncertainty, parol evidence of prior or contemporaneous agreements or understandings tending to vary the terms of the contract evidenced by the writing is inadmissible.") (quotation marks and citation omitted).

A signed settlement agreement between the parties exists. (Doc. 49-2.) The agreement does not contain a contingency that defendant "seal the records with the medical info including the video tape." (Doc. 49-2 at 43–46.) Nonetheless, defendant Sheriff's Department concedes that it agreed by email to plaintiff's request, explaining that the records were already considered closed under the Kansas Open Records Act. (*Id.* at 30.) That said, the agreement itself provides that it cannot be supplemented except in writing and signed by the parties. The court therefore determines that the additional contingency that defendant seal the records did not become part of the agreement between the parties. When the terms of the contract are clear within the four corners of the contract, the court does not look to parol evidence to determine the terms of the contract. *Simon*, 829 P.2d at 887–88. Ultimately, this determination is of no consequence to the dispute before the court, however, as defendant concedes that it separately agreed to seal the records and represents that they are, in fact, sealed.

Although not clear by the content of plaintiff's motion, plaintiff may be asking the court to enforce alleged terms of the agreement requiring defendant to conduct an investigation, make a report, and provide a chain-of-custody catalog for the records. After the parties reached agreement on the essential terms, plaintiff asked defendant by email to take a number of additional steps seemingly intended to verify and ensure confidentiality of the records. (Doc. 49-2 at 22.) Defendant, however, never agreed to take these steps. And they were not contained in the final agreement between the parties that plaintiff signed. The court finds no basis for enforcing requests never agreed to by the

-3-

parties and not contained in the written agreement.  Plaintiff's motion to enforce the settlement agreement in this respect is denied.

In his motion, plaintiff also requests sanctions against defendant Sheriff's Department. Plaintiff offers no valid basis for imposing sanctions and, in any event, has not complied with proper procedures for requesting sanctions.  The court denies plaintiff's request without further discussion.

### Plaintiff's Motion[] to Enforce Settlement and for Sanctions (Doc. 48) against defendant City of Roeland Park Kansas

In his second motion to enforce, plaintiff also claims that the City failed to seal videotapes.  But the settlement agreement submitted by the City and signed by plaintiff makes no mention of an agreement to seal videotapes.  (Doc. 50-1.)  Instead, the agreement merely obligates defendant to withdraw its objection to plaintiff's Petition for Expungement.  (*Id.* at 2.)  The agreement states that if the municipal court grants plaintiff's Petition for Expungement, then the agreement would have full force and effect.  (*Id.*)  And the agreement provides that it contains the entire agreement between the parties.  (*Id.*)  The record indicates that the municipal court did, in fact, grant plaintiff's Petition for Expungement.  (Doc. 50-3 at 1.)

There is no basis in the record for plaintiff's contention that defendant was obligated to seal videotapes.  Plaintiff has not presented a genuine issue of fact that would justify a hearing; only an unsupported allegation that is contradicted by the written agreement between the parties.  His request for the court to enforce the settlement agreement is denied.

Again, plaintiff requests sanctions against defendant City of Roeland Park.  As with his request against defendant Sheriff's Department, plaintiff both failed to follow proper procedures and failed to offer a valid basis for relief.  The court denies plaintiff's request.

**Plaintiff's Motion for Leave to Amend Pleadings and for Evidentiary Hearing and Motion for Enlargement of Time (Doc. 51)**

Plaintiff asks the court for leave to amend his motions for the following reasons:

> [T]o allow for him ample opportunity to collate his filed, correspondences and obtain affidavits to seek a resolution to this matter as there are many points that are still in the open in regards to the sealing of certain items as allowed by law, the facts that defendants and Plaintiff's agreement should be interpreted in certain aspects and especially the enforcement for such agreement as has been left in the air and still Plaintiff awaits the closing of the settlement to perfect the agreement and close the matter.

(Doc. 51 at 1.) While plaintiff indicates that he needs more time to gather materials to support his motion to enforce the settlement agreements, he does not indicate specifically what those materials are or how they would support his position. The court freely grants leave to amend when justice so requires, but here, plaintiff has given the court no valid reason to believe that he would be able to come forth with additional support for his motions that would not be futile. *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing futility of amendment as a reason to deny a request to amend a complaint). The settlement agreements are between plaintiff and defendants. Plaintiff has not suggested that any other parties are involved or any evidence is outside of his reach. This is not a situation involving many outside sources from which plaintiff could gather evidence to support his position that he reached a particular agreement with defendants. And, for the reasons discussed above, any such evidence would be inadmissible based on the parol evidence rule. Allowing amendment would be futile and would subvert justice by requiring defendants to expend more resources responding to additional arguments that can have no merit given the unambiguous written agreements in this case.

Plaintiff also suggests that additional time is necessary because he has had medical issues, resulting in hospital stays and time spent in treatment. The court is sensitive to plaintiff's medical condition and, under different circumstances, might grant requests for additional time because of health issues. In this case, however, time will not heal the deficiencies in plaintiff's motions and will

only serve to further delay and extend resolution of this closed case.  The court therefore denies plaintiff's request to amend for failure to properly support the motion with facts justifying amendment and for futility.

Plaintiff also requests an evidentiary hearing.  An evidentiary hearing is appropriate on a motion to enforce a settlement agreement if the parties present a substantial factual dispute.  *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993).  No such factual dispute exists here.  The parties entered into fully integrated written agreements and then plaintiff attempted to add confidentiality terms to those agreed to.  Plaintiff does not contend that the additional terms were contained in the original written, signed agreements.  There are simply no substantial disputes of fact for the court to resolve.  An evidentiary hearing is therefore unwarranted.  The court denies plaintiff's request.

## **Defendant Sheriff's Department of Johnson County's Motion for Sanctions (Doc. 54)**

Finally, defendant Sheriff's Department of Johnson County Kansas moves for sanctions against plaintiff.  Specifically, defendant seeks a portion of its costs and attorney's fees associated with responding to plaintiff's motion to enforce settlement.

Federal Rule of Civil Procedure 11(b) states that sanctions may be warranted if an unrepresented party files a pleading that is presented for an improper purpose, contains frivolous arguments, or alleges facts that are unlikely to have evidentiary support.  "A court may 'impose an appropriate sanction' upon the party if the court determines that Rule 11(b) has been violated."  *Wasko v. Moore*, 172 F. App'x 791, 793 (10th Cir. 2006) (quoting Fed. R. Civ. P. 11(c)).  The court liberally construes plaintiff's *pro se* filings, but his status as a *pro se* litigant does not insulate him from sanctions.  *Id.*

While the court determines that there is no merit to plaintiff's motions, such determination does not automatically equate to a finding that he violated Rule 11. Plaintiff's position is misguided, to be certain. And his legal contentions are unsupported. Plaintiff, as a *pro se* litigant, bears the obligation of following the court's rules just like any other litigant. But the court does not find that plaintiff filed his motion in bad faith or for improper purpose. Upon being notified of the deficiencies in plaintiff's motion, he sought leave to amend the motion (although the court has denied his request). And plaintiff's belief in his position appears earnest, even if flawed. Rule 11 sanctions are not warranted in this instance. The court denies defendant's request.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion[] to Enforce Settlement and for Sanctions (Doc. 47) against defendant Sheriff Department of Johnson County Kansas is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion[] to Enforce Settlement and for Sanctions (Doc. 48) against defendant City of Roeland Park Kansas is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Pleadings and for Evidentiary Hearing and Motion for Enlargement of Time (Doc. 51) is denied.

**IT IS FURTHER ORDERED** that Defendant Sheriff's Department of Johnson County's Motion for Sanctions (Doc. 54) is denied.

Dated this 10th day of September, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**